IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. TOMMY WOOTEN

### Direct Appeal from the Criminal Court for Shelby County
No. 97-12040   Carolyn Wade Blackett, Judge

---

### No. W1999-01469-CCA-R3-CD - Decided June 30, 2000

---

The defendant appeals his conviction by a Shelby County jury of first degree murder in the perpetration of robbery. The defendant now comes before this court raising the issue of identity. The defendant contends that the evidence was insufficient for a rational trier of fact to find beyond a reasonable doubt that he was criminally responsible for the offense. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which TIPTON and GLENN, JJ. joined.

A.C. Wharton, Jr., Public Defender; Dianne M. Thackery (at trial) and Garland Erguden (on appeal), Assistant Public Defenders, Memphis, Tennessee, for the appellant, Tommy Wooten.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attomey General; William L. Gibbons, District Attorney General; and Janet L. Shipman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On the night of May 15, 1993, the defendant was at a Memphis bar with Marco Anderson, an acquaintance who was known to be a drug dealer. The defendant and Anderson were in the back of the bar drinking and smoking marijuana when they were approached by Douglas Jackson, the victim. Jackson gave Anderson $50 for a $20 rock of crack cocaine. Anderson tried to sell Jackson a larger rock of crack cocaine for the $30 that he owed Jackson. Jackson then demanded Anderson to give him his change immediately. Anderson, Jackson and the defendant then left the bar together. Before leaving the bar, however, Anderson grabbed a gun from behind the bar and concealed it in his pants.

After leaving the bar, the defendant and Anderson walked behind Jackson talking quietly.

The defendant and Anderson quickly caught up to Jackson behind the bar, where a fight ensued between the defendant and Jackson. Anderson then pulled the gun out of his pants, stepped up to Jackson, pressed the gun into Jackson's stomach and shot Jackson. Anderson immediately began to run from the scene of the crime while the defendant remained behind going through Jackson's pockets stealing his money. The defendant also fled the scene moments later.

The police investigated the case, but failed to solve it. In April 1997, the case was assigned to Officer Thomas Tilton of the Mystery Homicide Division. In examining the case file Officer Tilton noted that the nickname "Bucket" kept appearing. Officer Tilton began to search for the person known as "Bucket" and discovered that this was the nickname of the defendant. The defendant was taken to the police station and questioned. The defendant gave inconsistent accounts of his activities on the date in question. He, nevertheless, denied being involved in the robbery and homicide.

The defendant did not testify and presented no proof.

Based upon testimony presented at trial, the defendant was convicted by a Shelby County jury of premeditated first degree murder and first degree murder in the perpetration of robbery. The defendant was sentenced to life for the felony murder conviction. The trial court did not sentence the defendant for premeditated first degree murder.

## PREMEDITATED MURDER V. FELONY MURDER

The jury returned guilty verdicts as to both premeditated first degree murder and felony murder. Assuming the trial court found the evidence sufficient to support both, the trial court should have merged the guilty verdicts into one judgment for first degree murder. *See* State v. Cribbs, 967 S.W.2d 773, 788 (Tenn. 1998). However, at the sentencing hearing the trial court erroneously assumed that it had to choose either premeditated first degree murder or felony murder and enter a judgment on that conviction only. Thus, the trial court stated that judgment would be entered only on felony murder.[1] We also note that since the trial court did not enter a judgment on premeditated first degree murder, it did not pass upon that verdict as a thirteenth juror. *See id.*

The procedural dilemma is similar to that presented in Cribbs, where the trial court struck the other verdicts as surplusage. Cribbs, 967 S.W.2d at 788. The Tennessee Supreme Court concluded that the trial court's action of vacating the jury's findings on those counts rendered the verdicts "void" as to those counts. *Id.* For these reasons we consider the defendant's conviction for felony murder only, and not premeditated first degree murder.

---

[1]The record does not reflect a judgment actually entered at the time of sentencing. The record does reflect the state's motion alleging that the judgment erroneously referred to the indictment for premeditated first degree murder. The trial court then entered an amended judgment reflecting a correction of this clerical error. *See* Tenn. R. Crim. P. 36.

## ANALYSIS

The defendant contends that the evidence is insufficient to support his conviction for felony murder.  We respectfully disagree.

### A.  Standard of Review

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994).  On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom.  Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).  Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

### B.  Sufficiency of the Evidence

The defendant contends that insufficient evidence was presented at trial for the jury to find beyond a reasonable doubt that he was involved in the homicide.  During trial, however, testimony was given by a witness who knew the defendant and saw the entire incident.  The witness testified that she saw the defendant and Anderson talking as they followed the victim, saw the defendant fighting with the victim, saw the defendant stealing the victim's money after the victim had been shot, and saw the defendant flee from the scene.  Further, the witness identified both the defendant and Anderson from a photo lineup.

A second witness testified that he heard shots being fired.  He testified that when he stepped out of his house, he saw Anderson run through a field next to his house with a gun in his hand.  The same witness also testified that he saw the defendant running through the same field behind Anderson.  As with the first witness, this witness knew Anderson and the defendant.  This witness also identified the defendant and Anderson from a photo lineup.

Two other witnesses were sisters who were leaving a wedding reception across the street from where the victim was killed.  Both of the witnesses testified that they saw two people fleeing from the crime scene.  One of the individuals fled immediately after the shots were fired, and the other fled after he searched the pockets of the victim.  These witnesses also testified that when they approached the victim lying on the ground, the pockets of the victim were turned inside out.

The defendant now attacks the credibility of the witnesses who testified against him. However, credibility is a jury question. We are not at liberty to simply substitute our judgment for that of the jury. Viewing the evidence in a light most favorable to the state, as we must, a rational jury could conclude that the defendant knowingly and intentionally assisted Anderson with the intention of sharing in the proceeds of the robbery. *See* Tenn. Code Ann. § 39-11-402(2). Thus, the evidence was sufficient to support the defendant's conviction for first degree felony murder in the perpetration of robbery. *See* State v. Carson, 950 S.W.2d 951 (Tenn. 1997).

## CONCLUSION

Based upon our review of the trial record, the judgment of the trial court is affirmed.